SARAH A. STEWART AND MARY J. STEWART v. A. FLUM-MERFELT, COLLECTOR OF LEBANON TOWNSHIP.

Lands owned in fee by the relators, who live in Warren county, were leased to the Bowers' Snuff and Tobacco Company (limited), a partnership formed under the act of 1880. *Rev.*, p. 786. The factory in which the business of the association is carried on lies, with a portion of the leased premises, in the township of Washington, in the county of Warren. Other portions of the premises, including two dwellings occupied by two members of the association, lie in Lebanon township, in the county of Hunterdon. The main office of the association is in the city of Trenton, where other members of the association reside. *Held*, that so much of the demised premises as lies in the county of Warren must be assessed for taxes in the township of Washington, and the balance in the township of Lebanon.

---

On *certiorari* in matter of tax.

Argued at February Term, 1891, before Justices DEPUE. VAN SYCKEL and SCUDDER.

For the plaintiffs, *Oscar Jeffery*.

For the defendant, *Martin Wyckoff*.

The opinion of the court was delivered by

VAN SYCKEL, J. The relators leased certain lands, of which they are the owners in fee, to the Bowers' Snuff and Tobacco Company (limited). This company is a partnership association formed under the act of 1880. *Rev. Sup.*, *p.* 786.

The demised premises lie partly in the township of Washington, in the county of Warren, where the relators also reside, and partly in the township of Lebanon, in the county of Hunterdon.

The association consisted of John H. Stewart and Jonathan H. Blackwell, of Trenton, in this state, and of John Bowers, Sr., John Bowers, Jr., and Lafayette A. Bowers. The certificate of association was recorded in Mercer county, where the main office is located, and in Warren county, where the factory in which the manufacturing business is carried on is located.

Lafayette and John reside in Lebanon township—one in the Mansion house and the other in what is known as the Burd house.

The assessor of Lebanon township, in 1890, assessed the whole of the demised premises in the township of Lebanon, and that portion lying in Warren county was also assessed in the township of Washington. The relators, having first appealed without success to the commissioners of appeal in Lebanon to correct this assessment, have prosecuted this *certiorari* in order to have their rights adjudicated in this court.

The statute eliminates from an association of individuals formed under it the essential features of a partnership, and endows it with the characteristics of a corporation to such an extent that, in settling this question of taxation, it must be dealt with as a corporation.

The act of 1866 (*Rev.*, *p.* 1152, *pl.* 65) provides that all real estate shall be assessed in the township or ward where the same is situate, with this exception, that where a line be-

tween two townships, wards or counties divides a farm or lot, the same shall be assessed in the township or ward where the occupant resides, if occupied.

To authorize the assessment within a political division of the state of lands lying outside of it, two things must concur:

*First.* The real estate must be divided by a line between two townships, wards or counties.

. *Second.* The occupant of such lands must reside in the township seeking to impose the tax.

. Unless these facts co-exist, the real estate must be taxed in the political division in which it lies. *State* v. *Hoffman, 1 Vroom* 346 ; *State* v. *Reinhardt,* 2 *Id.* 218, and *State* v. *Hay, Id.* 275, were decided prior to the act of 1866.

In *State* v. *Britton,* 13 *Vroom* 103, Mr. Justice Woodhull clearly points out the changes which were effected by the legislation of 1866. He there says :

. "*First.* That any tract of land so situated and occupied must, for the purposes of taxation, be regarded as lying wholly within the limits of the township in which the occupant resides. .

"*Second.* The residence of the occupant in such cases fixes the place of taxation.

"*Third.* When a farm or lot is divided by a township line, and is occupied by a tenant residing in one of the townships, while the owner resides in the other, the property must be assessed in the township where the occupying tenant resides, and may be assessed either to the owner or the tenant, at the option of the assessor."

The solution of this controversy, therefore, depends upon the fact whether any one residing on the part of the premises lying in Lebanon township occupied that portion of the real estate lying in Washington township.

The case of the *State* v. *Warford, Collector,* 8 *Vroom* 397, adjudges the residence of a corporation for the purpose of taxation of its real estate to be in the township in which its principal office is located.

Here the principal office of the limited partnership is neither in Lebanon nor in Washington township, but in the city of Trenton.

Hence, treating the association as the occupant, there is a non-concurrence of the two facts which will enable Lebanon township to levy a tax upon lands lying outside of its territorial limits. Therefore, the defendant must abandon his claim of right to burden so much of these premises as lie in Warren county, unless the occupancy by the Bowers of the two houses in Lebanon will justify his assessment.

The Bowers reside in Lebanon, and are engaged in working for the limited partnership. They are not the lessees of any part of the property which lies in the county of Warren.

In the *State* v. *Abbott, Collector*, 13 *Vroom* 111, this court said that unless there is such an occupation or possession of land as will enable the tenant or possessor, without the aid of a paper title, to maintain an action for trespass upon it, such land cannot be said to be occupied in the sense of the sixth section of the act of 1866.

This test excludes the Bowers from being regarded as occupants of the lands in Warren county, for it seems clear that they could not maintain a suit for trespass on those lands. The right of action under the statute of 1880 would be in the name of the association, which, as has been shown, is not in a legal sense a resident of Lebanon.

Nor can it be claimed that the Bowers, as members of the partnership resident in Lebanon, are in the occupation in that right of the lands lying in Warren.

The act of 1880, and its supplement of 1883, authorizes such associations to take title to lands in the name adopted by them, but it is expressly provided that the interest of the several parties in such association shall be personal estate.

The mere fact that the Bowers are members of the association does not entitle them to claim that they are in possession in their individual right.

The association is in the full possession of the factory where its business is carried on, and of the lands in Warren county;

it is likewise in possession of the lands in Lebanon, except. the two houses occupied by the Bowers, and that necessarily excludes the idea that these lands are in the occupation of anyone else.

In my judgment, so much of this real estate as lies in the county of Warren should have been assessed in the township of Washington. The assessment certified must therefore be set aside, for the purpose of correcting it. If the parties cannot agree, application may be made to this court under the act of 1881, page 194.

The lands should be assessed to Sarah Stewart and Mary J. Stewart, and not to the estate of Cornelius Stewart.